**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Long Grove at Seaside Farms, LLC; The Beach Company; and Gulfstream Construction Company, Inc., Respondents,

v.

Long Grove Property Owners' Association, Inc.; Vista Realty Partners, LLC; and Long Grove Vista, LLC;

Of Whom Long Grove Property Owners' Association, Inc. is Appellant.

Long Grove Property Owners' Association, Inc., Third-Party Plaintiffs,

v.

James, Harwick & Partners, Inc., n/k/a JHP Architecture/Urban Design, P.C.; Sam Mayo, d/b/a SCM Construction, Inc.; Essex Engineering Corporation, Third-Party Defendants,

Of Whom James, Harwick & Partners, Inc., n/k/a JHP Architecture/Urban Design, P.C., is Respondent.

Appellate Case No. 2012-213584

–––––––––––––

Appeal From Charleston County
J. Michael Baxley, Circuit Court Judge

–––––––––––––

Unpublished Opinion No. 2015-UP-377
Heard June 16, 2015 – Filed July 29, 2015

_____

**AFFIRMED**

_____

Francis E. Grimball, of Mullen Wylie, LLC, of
Charleston, and George E. Mullen, of Mullen Wylie,
LLC, of Hilton Head Island, for Appellant.

David Jay Parrish and Stephen Peterson Groves, Sr., both
of Nexsen Pruet, LLC, of Charleston, for Respondents
Long Grove at Seaside Farms, LLC, The Beach
Company, and Gulfstream Construction Company, Inc.
James Lynn Werner, of Parker Poe Adams & Bernstein,
LLP, of Columbia, and Laura Figueroa Locklair, of
Parker Poe Adams & Bernstein, LLP, of Charleston, for
Respondent James, Harwick & Partners, Inc., n/k/a JHP
Architecture/Urban Design, P.C.

_____

**PER CURIAM:** Long Grove Property Owners' Association (the POA) appeals from the trial court's order granting summary judgment in favor of Long Grove at Seaside Farms, LLC; The Beach Company; and Gulfstream Construction Company, Inc. (collectively, Long Grove), as well as James, Harwick & Partners, Inc. n/k/a JHP Architecture/Urban Design, P.C. (JHP) (all collectively, Respondents).  The POA argues the trial court erred in (1) not finding the contract at issue is an exculpatory contract and void because it violates public policy; (2) allowing Long Grove and JHP to avoid non-delegable duties; (3) finding the POA is bound by a contract to which it was not a party; and (4) not finding the contract at issue is unconscionable and therefore void and unenforceable.

We affirm and adopt the trial court's order in full.  *See Byrd v. Livingston*, 398 S.C. 237, 245, 727 S.E.2d 620, 624 (Ct. App. 2012) (adopting the trial court's order as to some issues); *Grosshuesch v. Cramer*, 367 S.C. 1, 6, 623 S.E.2d 833, 835 (2005) (adopting the reasoning set forth in the trial court's order as to some of the issues on appeal).

**AFFIRMED.**

**HUFF, SHORT and LOCKEMY, JJ., concur.**